FILED
JUN 3 0 2008
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TIMOTHY G. PRYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08 1148 |
| ) | |
| DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The plaintiff, a state prisoner, has filed an application to proceed *in forma pauperis* and a *pro se* complaint for mandamus under 28 U.S.C. § 1361. The Court will grant the application to proceed *in forma pauperis*, but will dismiss the complaint under 28 U.S.C. § 1915A(b)(1) (requiring dismissal if the complaint is frivolous).

Plaintiff alleges that he has been an informant for several years for the Federal Bureau of Investigation, and has uncovered illegal RICO activities in the trafficking of human labor from Mexico that involves Mississippi police, prosecutors and elected officials, as well as federal judges. He alleges that he has been framed with a "ludicrous" charge (Compl. at 2), of which he was convicted and for which he is now serving a sentence in state prison.[1] He asserts that his "mission" for the F.B.I. is completed and that his request directed to the inspector general for

---

[1] The Court takes judicial notice of the facts that plaintiff has exercised his right to a direct criminal appeal, and that his petition for habeas relief is pending in the United States District Court for the Northern District of Mississippi.

extraction has been to no avail. (*Id.* at 2-3.) He asks this Court to compel the inspector general to extract him. (*Id.* at 3.)

Federal law provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The term "duty" as used in the statute "must be narrowly defined," and if plaintiff does not show a "clear and compelling duty" on the part of the government official, the Court "must dismiss the action." *In re Cheney,* 406 F.3d 729 (D.C. Cir. 2005). Here, plaintiff has not shown that the Department of Justice has a duty to extract him from his confinement under a state criminal sentence.

The complaint here presents a "claim[] of infringement of a legal interest which clearly does not exist" that is based on what may be a "fantastic or delusional scenario[]," either of which constitutes a frivolous complaint under 28 U.S.C. § 1915. *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Best v. Kelly,* 39 F.3d 328, 330-31 (D.C. Cir. 1994). Accordingly, the complaint will be dismissed as frivolous under 28 U.S.C. § 1915A(b)(1).

A separate order accompanies this memorandum opinion.

Date: 6/25/2008

Ricardo M. Urbina
United States District Judge